UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BYRON H.E.,<br><br>    Plaintiff,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>    Defendants. | Case No. 24-cv-00564-VKD<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

Petitioner Byron H.E. filed a petition for writ of habeas corpus, challenging his confinement at Golden State Annex ("GSA"), a private detention facility located in McFarland, California. Dkt. No. 1. Respondents contend that this Court lacks jurisdiction over Mr. H.E.'s petition under 28 U.S.C. § 2241, arguing that Mr. H.E. must name the GSA Facility Administrator (i.e., warden) as respondent and must file his petition in the Eastern District of California, where he is confined. The matter is fully briefed. For the reasons discussed below, the Court dismisses the petition without prejudice to re-filing it in the Eastern District of California.[1]

**I.     BACKGROUND**

Petitioner Byron H.E. is a citizen of Guatemala who came to the United States around 1985 when he was a teenager. Dkt. No. 1 ¶ 1. In 1994, he was convicted of second degree murder (California Penal Code § 187(a)) and was sentenced to a term of 15 years to life in California state prison. In 2011, he was convicted of possession of a controlled substance while in prison

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 10, 12.

1  (California Penal Code § 4573.6) and sentenced to an additional two years in prison. *Id*.; *see also*
2  Dkt. No. 15-2, ¶¶ 10, 12 Exs. 1, 5. In December 2021, after being granted parole, Mr. H.E. was
3  taken into U.S. Immigration and Customs Enforcement ("ICE") custody at GSA and placed in
4  withholding-only proceedings. Dkt. No. 1 ¶ 3; Dkt. No. 1-1, Ex. C ¶ 5; Dkt. No. 15-2 ¶ 14, Ex. 6.
5  The parties do not dispute that Mr. H.E. was convicted of an aggravated felony, and therefore is
6  subject to mandatory detention under 8 U.S.C. § 1226(c). *See* Dkt. No. 1 ¶ 43; Dkt. No. 15-1 ¶ 5;
7  Dkt. No. 15-2 ¶ 9, Ex. 3.

8         In July 2022, after conducting a bond hearing pursuant to *Aleman Gonzalez v. Barr*, 955
9  F.3d 762 (9th Cir 2020), *rev'd, Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022), an immigration
10 judge denied Mr. H.E.'s release on bond; and, after holding an individual hearing, the judge
11 ordered Mr. H.E.'s removal from the United States to Guatemala. Dkt. No. 1 ¶¶ 41-42; Dkt. No.
12 1-1, Ex. C ¶¶ 7, 9, 10; Dkt. No. 15-2 ¶¶ 22, 23, Exs. 12, 13. The Board of Immigration Appeals
13 ("BIA") dismissed Mr. H.E.'s appeal and denied his request for relief from removal. Dkt. No. 1-1,
14 Ex. C ¶¶ 8, 14; Dkt. No. 15-2 ¶ 25, Ex. 15. Around December 2022, after Mr. H.E. filed a petition
15 for review before the Ninth Circuit, he received notice from the Department of Homeland Security
16 ("DHS") of a data leak in which his personal data was exposed. Dkt. No. 1 ¶ 43; Dkt. No. 1-1, Ex.
17 C ¶ 16, Ex. Q; Dkt. No. 15-2 ¶ 28, Exs. 18, 18A. On DHS's motion, the prior withholding-only
18 proceedings were dismissed, and DHS gave Mr. H.E. an opportunity to file another claim for relief
19 and placed him in removal proceedings. Mr. H.E. proceeded in the removal proceedings, and
20 withdrew his then-pending Ninth Circuit appeal. *See* Dkt. No. 1-1, Ex. C ¶ 16; Dkt. No. 15-2
21 ¶¶ 27-28, Ex. 17.

22        In November 2023, after holding an individual hearing, an immigration judge ordered Mr.
23 H.E.'s removal from the United States. Dkt. No. 1-1, Ex. C ¶¶ 22-23; Dkt. No. 15-2 ¶ 30, Ex. 20.
24 Mr. H.E. has appealed that decision to the BIA, and that appeal is pending. Dkt. No. 1 ¶ 47; Dkt.
25 No. 1-1, Ex. C ¶ 24.

26        In January 2024, Mr. H.E. filed the present habeas petition, contending that his continued
27 detention violates his constitutional rights to substantive and procedural due process. As noted
28 above, Mr. H.E. is being held at GSA, a private detention facility located in the Eastern District of

California, which is owned and operated by GEO Group, Inc. under contract with ICE. Dkt. No. 1 ¶ 12; Dkt. No. 15-1 ¶ 6. According to respondents, the "Facility Administrator (i.e., warden) of GSA is a GEO employee, whose office is based in McFarland and provides direct on-site supervision of the facility and its personnel." Dkt. No. 15-1 ¶ 6.

The GSA Facility Administrator is not among the four respondents Mr. H.E. named in his habeas petition. The four named respondents are Moises Becerra, Field Office Director ("FOD") of ICE's San Francisco Field Office; Patrick J. Lechleitner, Acting Director of U.S. Immigration and Customs Enforcement; Alejandro Mayorkas, Secretary of DHS; and Merrick B. Garland, U.S. Attorney General. Mr. H.E. maintains that he properly filed his habeas petition in this district, arguing that as FOD, Mr. Becerra, who is based in San Francisco, is his "custodian" and "the federal official with the most immediate control over GSA." Dkt. No. 1 ¶ 19.

According to respondents, Mr. Becerra oversees ICE's San Francisco Area of Responsibility, which consists of ten offices—two in this district, five in the Eastern District of California, one in Hawaii, and two in the U.S. territories of Guam and the Northern Mariana Islands. Dkt. No. 15-1 ¶ 9. Additionally, the San Francisco Area of Responsibility includes five detention facilities—two in the Eastern District of California, one in Hawaii, one in Guam, and one in the Northern Mariana Islands. *Id*. ¶¶ 10-11 & Ex. A. There are no detention facilities in the Northern District of California that are within the San Francisco Area of Responsibility. *Id*.

Acting Assistant FOD Israel Hernandez, who is assigned to the Bakersfield Sub-Office in the Eastern District of California, attests that he and his staff "directly liaise with the GSA Facility Administrator and other GEO personnel regarding the detainees at GSA." Dkt. No. 15-1 ¶ 7. Mr. Hernandez says that his direct-line supervisor is Deputy FOD Orestes L. Cruz, who is also assigned to the Bakersfield Sub-Office and whose responsibilities include, but are not limited to "direction and oversight of ICE immigration enforcement operations" within several counties in the Eastern District of California, including Kern County where GSA is located. *See id.* ¶ 8. Mr. Cruz, in turn, reports to Mr. Becerra, who as noted above oversees the San Francisco Area of Responsibility. *Id*. ¶¶ 8, 9. Mr. H.E. asserts that Mr. Becerra performs his official duties in this district (*see* Dkt. No. 1 ¶ 19), although no one specifies what those duties entail.

3

1    Respondents contend that this Court lacks jurisdiction over Mr. H.E.'s petition under 28 U.S.C. § 2241, arguing that Mr. H.E. must name the GSA Facility Administrator as respondent and must file his petition in the Eastern District of California, where he is detained.[2]

## II.   DISCUSSION

The federal habeas statute requires a petition for writ of habeas corpus to allege "the name of the person who has custody over" the petitioner "and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. If a court issues a writ, the writ must "be directed to the person having custody of the person detained." *Id*. § 2243. As explained by the Supreme Court, "[t]his custodian" is the "'person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Emphasizing that "there is generally only one proper respondent to a given prisoner's habeas petition," *Padilla* reaffirmed "longstanding practice" that where a petitioner challenges his present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 434-35.[3]

Mr. H.E.'s present habeas petition challenges his present physical confinement, and there

---

[2] This Court has considered this issue once before in a matter filed by a petitioner who sought release from detention due to the COVID-19 pandemic. *See Singh v. Barr*, No. 5:20-cv-02346-VKD, 2020 WL 2512410, at *3-5 (N.D. Cal. May 15, 2020). However, in *Singh*, the respondents waived any objection to Mr. Singh's failure to name his immediate custodian as a respondent, did not persuasively argue that the Court's subject matter jurisdiction was implicated, and did not otherwise provide the Court with a reason why Mr. Singh should not proceed with his petition here. *See id*. at *4; *see also Cruz-Zavala v. Barr*, 445 F. Supp. 3d 571, 574 n.3 (N.D. Cal. 2020) (noting that ordinarily, a "habeas corpus petition challenging present physical confinement must be filed in the district where the petitioner is confined," but that the matter can be waived) (internal quotations and citation omitted).

[3] As noted in *Padilla*, the Ninth Circuit previously held that in the immigration context, the Attorney General is a proper respondent. *See Armentero v. INS*, 340 F.3d 1058, 1071-74 (9th Cir. 2003). However, after *Padilla* issued, the Ninth Circuit withdrew its opinion and dismissed the *Armentero* appeal on grounds unrelated to the issue of proper respondents. *Armentero v. INS*, 412 F.3d 1088 (9th Cir. 2005). Moreover, as Judge Berzon explained in dissent from the majority's decision to dismiss the appeal, in *Armentero* the government waived application of the immediate custodian rule. *See id.* at 1096. No one has cited any post-*Padilla* Ninth Circuit authority conclusively addressing the issue.

4

is no assertion that he is challenging "something other than his present physical confinement." *See id*. at 438. Respondents maintain that the GSA Facility Administrator is the only proper respondent. Mr. H.E. argues that because he is being detained in a private facility under contract with the federal government, the Facility Administrator lacks the legal authority and practical ability to bring him before the Court, to defend his detention, or to otherwise provide relief that a court may order. However, *Padilla* rejected "legal control" as the proper test in physical-custody challenges, and "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent," noting that "the proper respondent is the person responsible for maintaining—not authorizing—the custody of the prisoner." *Id*. at 439, 440 n.13.

Mr. H.E. urges this Court to follow the decisions of other courts in this district that have concluded that where the petitioner is detained in a private facility, the habeas statute permits departure from the "default rule" that "the proper respondent is the warden of the facility where the prisoner is being held," *Padilla*, 542 U.S. at 435. *See* Dkt. No. 1 ¶ 20; Dkt. No. 17 at 1-4. While *Padilla* declined to address whether its holding applies in the immigration context, *see Padilla*, 542 U.S. at 435 n.8, Mr. H.E. has provided this Court with "no principled basis to distinguish habeas petitions challenging immigration detention from those challenging criminal custody" or to create an exception to the default rule for wardens of private facilities. *See Rivera-Trigueros v. Becerra*, — F. Supp. 3d —, No. 23-cv-05781-RFL, 2024 WL 1129880, at *3-6 (N.D. Cal. Mar. 14, 2024) (holding that warden of private detention facility is the proper respondent to immigration habeas petition). Indeed, like the petitioner in *Rivera-Trigueros*, Mr. H.E.'s habeas petition presents "'at bottom a simple challenge to physical custody imposed by the Executive—the traditional core of the Great Writ'"; and "[i]n that context, there is no 'basis for a departure from the immediate custodian rule.'" *Id*. at *3 (quoting *Padilla*, 542 U.S. at 441). While Mr. H.E. argues that adherence to the immediate custodian rule ignores the practical realities of his confinement, this Court is persuaded by the considered decision in *Rivera-Trigueros* that "[b]inding precedent, as well as the text, structure, and purpose of the habeas statute" compel the

conclusion that the GSA Facility Administrator is the proper respondent. *Id*. at *6.[4]

### III. CONCLUSION

Based on the foregoing, the Court concludes that it does not have jurisdiction over Mr. H.E.'s habeas petition. The Court dismisses the petition without prejudice so that it may be amended to name the proper respondent and re-filed in the Eastern District of California.

**IT IS SO ORDERED.**

Dated: April 11, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[4] The order in *Rivera-Trigueros* issued on March 14, 2024 and was brought to the Court's attention on March 19, 2024, ten days before Mr. H.E. filed his traverse. *See* Dkt. No. 16. However, Mr. H.E. did not acknowledge this recent decision or address its reasoning in his traverse. *See* Dkt. No. 17.